# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: +1.202.879.7658
yroth@jonesday.com

September 12, 2024

CM/ECF

Mark Langer
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW
Washington, DC 20001

Re: *KalshiEx LLC v. Commodity Futures Trading Commission* (No. 24-5205)

Dear Mr. Langer:

In response to the emergency motion filed this afternoon by Appellant Commodity Futures Trading Commission (CFTC), Appellee KalshiEx LLC (Kalshi) respectfully opposes the entry of an administrative stay. After full briefing and oral argument, Judge Cobb issued a thorough opinion holding that the CFTC "exceeded its statutory authority" when it blocked Kalshi from issuing event contracts that turn on control of Congress (Congressional Control Contracts). *See* D.Ct. Op. 2. After a brief administrative stay to allow for full consideration of the Commission's request for a stay pending appeal, Judge Cobb declined to issue one—finding on the record at a hearing that the stay factors "weigh strongly" in Kalshi's favor. Tr. 27:25. In particular, Judge Cobb correctly found that (i) the CFTC is unlikely to succeed on the merits; (ii) Kalshi would suffer substantial harm from a stay; and (iii) the CFTC had failed to show that a stay was needed to prevent irreparable harm or protect the public interest. *See* Tr. 25:12–28:6.

Kalshi will promptly oppose the CFTC's renewed stay motion on the merits in this Court. But in the meantime, no administrative stay is necessary or appropriate. Judge Cobb's decision on the merits was clearly correct because the statute empowers the CFTC to block event contracts only if they involve (as relevant here) "gaming" or "unlawful activity." D.Ct. Op. 14. As Judge Cobb observed, elections are neither. Her assessment of the remaining stay factors was correct, too. "There is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters v. Newby*, 838 F. 3d 1, 12 (D.C. Cir. 2016). And the CFTC's assertions that these contracts will somehow harm democracy are unsubstantiated and baseless—particularly given that hundreds of millions of dollars are currently trading on (unregulated) election prediction markets *right now*. *See, e.g.*, https://www.predictit.org/; https://polymarket.com/. Meanwhile, with the election just weeks away, Kalshi will suffer serious and irreparable harm from any further delay. There are thus no grounds for even a brief administrative stay—much less a stay pending appeal. *See generally* D.Ct. Dkt. 49 (Kalshi's Opposition to CFTC's Stay Motion).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

September 12, 2024
Page 2

      If this Court is nevertheless inclined to enter an administrative stay pending consideration of the CFTC's motion for a stay pending appeal, such a stay should be as brief as possible, to minimize the serious harms that will flow from staying the District Court's ruling, pausing trading on contracts that have already been listed,[1] and allowing the CFTC's unlawful order to remain in effect. "An administrative stay should last no longer than necessary to make an intelligent decision on the motion for a stay pending appeal." *United States v. Texas*, 144 S. Ct. 797, 799 (2024) (op. of Barrett, J.). Kalshi is prepared to respond to the CFTC's motion within 24 hours, if not sooner, which should allow a motions panel of this Court to rule by Monday, September 16, or as soon as possible thereafter.

                                           Respectfully submitted,

                                           */s/ Yaakov M. Roth*
                                           Yaakov M. Roth

                                           *Counsel for Appellee*

---

[1] As the Commission and the District Court both recognized, *see* Tr. 33:5–34:3, Judge Cobb's denial of the Commission's stay motions this morning authorized Kalshi to list the Congressional Contracts. They were indeed listed in the early afternoon, and are now actively trading.