No. 24-5205

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

KALSHIEX LLC,
*Plaintiff-Appellee*,

*v.*

COMMODITY FUTURES TRADING COMMISSION,
*Defendant-Appellant*,

On Appeal from the U.S. District Court for the District of Columbia
No. 23-cv-03257-JMC

## OPPOSITION TO DEFENDANT-APPELLANT'S MOTION FOR EXPEDITED APPEAL

Joshua B. Sterling
MILBANK LLP
1850 K St. N.W.
Washington, DC 20006
(202) 835-7537

Samuel V. Lioi
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

Yaakov M. Roth
John Henry Thompson
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
(202) 879-3939
yroth@jonesday.com

Amanda K. Rice
JONES DAY
150 W. Jefferson Avenue,
Suite 2100
Detroit, MI 48226
(313) 733-3939

*Counsel for Plaintiff-Appellee KalshiEx LLC*

Kalshi respectfully opposes the motion to expedite the appeal. This Court expedites appeals "very rarely." D.C. Circuit Handbook of Practice and Internal Procedures 34 (2021). To justify expedition, a "movant must demonstrate that the delay will cause irreparable injury," or that "the public generally" has "an unusual interest in prompt disposition." *Id.* And these justifications must be "strongly compelling." *Id.* The CFTC has not made anything close to a "strongly compelling" showing here.

*First*, the CFTC principally repeats the arguments it raised in its motion for a stay—*viz.*, that election contracts pose "a risk to election integrity or perceptions of election integrity." Mot. 2. But this Court has already concluded that the CFTC "has not demonstrated that it or the public will be irreparably harmed while its appeal is heard." *KalshiEx LLC v. CFTC*, No. 24-5205 (D.C. Cir. Oct. 2, 2024) (Op.) at 8. And the CFTC's proposed schedule would not resolve this appeal before the November 2024 elections; indeed, merits briefing would not even be completed until weeks *after* the elections. *See* Mot. 3. With pre-election resolution off the table, concerns about election integrity cannot justify expediting. And to the extent those concerns actually materialize, the CFTC can always renew its stay motion. *See* Op. 14–15.

1

In short, expedited briefing will have no impact on *this* election cycle. And no expedition is needed to resolve this appeal long before the *next* election cycle. As such, even if the CFTC's concerns were valid and substantiated, they simply do not support the relief it now seeks.

*Second*, the CFTC argues that an expedited appeal is warranted because this case presents a "close question" on an important issue. Mot. 3. But that is hardly a reason to rush. Quite the opposite. Manufactured haste and artificial deadlines are especially inappropriate for "close" questions, which instead warrant full, thoughtful briefing and careful consideration. And robust *amicus* participation is particularly valuable for important questions. *Amici* filed briefs on both sides of this issue below (ECF 18, 20, 21, 22, 36), and still others may wish to weigh in before this Court. An expedited schedule threatens to deprive this Court of those perspectives.

*Finally*, the CFTC notes—with no elaboration—that this case relates to a proposed regulation. Mot. 3. But the agency never even tries to explain why a rule it proposed nearly five months ago—and has not demonstrated any urgency in finalizing—requires expediting this appeal. *See CFTC Issues Proposal on Event Contracts*, CFTC (May 10, 2024),

2

https://www.cftc.gov/PressRoom/PressReleases/8907-24. Notably, the proposed rule merely regurgitates the reasoning in the order on review. *Cf.* Op. 11 & n.2. So if this Court agrees with the District Court that the CFTC has no authority to prohibit election contracts under the "gaming" or "unlawful activity" exceptions, then the proposed regulation is dead on arrival. And if this Court holds that the CFTC *does* have that authority, and revives the CFTC's order, the proposed rule does no additional work. The proposal makes no difference either way, and therefore cannot justify expediting this appeal.

For the above reasons, the CFTC has failed to make any serious showing, let alone a "strongly compelling" one, that this appeal should be expedited. There is simply no good reason, at this juncture, to expedite. The Court should therefore deny the motion. In the event that the Court does expedite the appeal, however, Kalshi respectfully requests that any briefing schedule account for the fact that Kalshi's lead counsel (both in-house and external) will be unavailable for most of the second half of October due to observance of the Jewish holidays. *See* Jewish Holidays, Chabad.org, *available at* https://www.chabad.org/holidays/default_cdo/jewish/holidays.htm (October 16 through October 25, 2024).

3

## CONCLUSION

This Court should deny the CFTC's motion for an expedited appeal. Even an expedited briefing schedule will not allow for resolution before the election. There is no other basis for haste. And all parties and this Court would benefit from full consideration of this important question.

Dated: October 7, 2024

Joshua B. Sterling
MILBANK LLP
1850 K St. N.W.
Washington, DC 20006
(202) 835-7537

Respectfully submitted,

/s/ *Yaakov M. Roth*

Yaakov M. Roth
John Henry Thompson
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
(202) 879-3939

Amanda K. Rice
JONES DAY
150 W. Jefferson Avenue,
Suite 2100
Detroit, MI 48226
(313) 733-3939

Samuel V. Lioi
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

*Counsel for Plaintiff-Appellee KalshiEx LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 658 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as counted using the word-count function on Microsoft Word software.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook Std font.

October 7, 2024                                             */s/ Yaakov M. Roth*
                                                            Yaakov M. Roth

## CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of October, 2024, I electronically filed the original of the foregoing document with the clerk of this Court by using the CM/ECF system, which will serve the counsel for all parties at their designated electronic mail addresses.

October 7, 2023   */s/ Yaakov M. Roth*
Yaakov M. Roth

6