**NEVADA GAMING CONTROL BOARD**

1919 College Parkway, Suite 110, P.O. Box 8003, Carson City, Nevada 89702
7 State of Nevada Way, Las Vegas, Nevada 89119
3650 S. Pointe Circle, Suite 203, P.O. Box 31109, Laughlin, Nevada 89028
557 W. Silver Street, Suite 207, Elko, Nevada 89801
9670 Gateway Drive, Reno, Nevada 89521

JOE LOMBARDO
*Governor*

KIRK D. HENDRICK, *Chairman*
HON. GEORGE ASSAD (RET.), *Member*
CHANDENI K. SENDALL, *Member*

March 4, 2025

Tarek Mansour
Chief Executive Officer
KalshiEX LLC, dba Kalshi
594 Broadway, Suite 407
New York, NY 10012

Eliezer Mishory
Chief Regulatory Officer and General Counsel
KalshiEX LLC, dba Kalshi
594 Broadway, Suite 407
New York, NY 10012

Via FedEx Standard Overnight and USPS First-Class Mail

Re: Order to Cease and Desist Unlawful Activity in the State of Nevada

Dear Messrs. Mansour and Mishory:

The Nevada Gaming Control Board (NGCB) is aware that KalshiEX LLC, dba Kalshi, has been offering, and continues to offer, event-based contracts in Nevada on sporting events and on election outcomes. The NGCB's Enforcement Division has verified these facts. Based on an NGCB review of the function of the contracts, and in consultation with the Gaming Division of the Nevada Office of the Attorney General, Kalshi is hereby notified that offering event-based contracts is unlawful in Nevada, unless and until approved as licensed gaming by the Nevada Gaming Commission.

Presuming that Kalshi consulted with Nevada legal counsel, your company was undoubtedly advised that Nevada has a long and storied history of strictly regulating gaming activity. Encompassed within such strict regulation is the requirement that a person must be licensed to operate a sports pool in Nevada. A sports pool is a person in "the business of accepting wagers on sporting events or other events by any system or method of wagering." NRS 463.0193. A "sporting event" is "an individual race, game, match or contest, and any group, series or part thereof." Nev. Gam'g Comm'n Reg. 26B.020(12). Sporting events include collegiate, Olympic, and other amateur sporting events. *See* Nev. Gam'g Comm'n Reg. 22.010(2). An "other event" is any event that is not a horse race, greyhound race, or athletic sporting event. Accordingly, other events include elections. Finally, Nevada law defines a wager as "a sum of money or

representative of value that is risked on an occurrence for which the outcome is uncertain." NRS 463.01962.

Kalshi's event-based contracts allow a person to place money on the outcome of an uncertain event. Kalshi allows a person to pay money to enter into a "contract" providing that the person will receive a set payout if the person correctly picks the outcome of the sporting event or election. The payouts for picking the winner of a sporting event or an election are not based on the actions of the person entering the "contract" with Kalshi. Finally, Kalshi is in the business of offering event-based contracts which constitute a system or method of wagering on sporting events and other events. Therefore, by offering event-based contracts in Nevada, Kalshi is operating as an unlicensed sports pool in violation of NRS 463.160(1)(a) and NRS 463.245(2).

Pursuant to NRS 463.360(3), violation of NRS 463.160 is a category B felony. Kalshi's event-based contracts also violate NRS 465.086 and NRS 465.092.

Additionally, even if Kalshi were to possess a Nevada nonrestricted gaming license with sports pool approval, the company's offering of event-based contracts on election outcomes would still violate Nevada public policy. Specifically, Nevada Gaming Commission Regulation 22.1205(3) and NRS 293.830 would be violated by wagering on election outcomes.

**Based on the foregoing, all transgressions by Kalshi to date are in violation of Nevada law. Moreover, any offenses by Kalshi after receipt of this letter shall be considered willful violations of Nevada law. Accordingly, Kalshi is hereby ordered to immediately cease and desist from offering any event-based contracts in Nevada.**

**Written confirmation of Kalshi's cessation of all prohibited activities within Nevada is required by <u>5:00 p.m. on March 14, 2025.</u> Failure to provide confirmation by such time shall be considered as willful intention to violate Nevada law.**

Nothing herein is intended to be, nor shall be, construed as legal advice. Indeed, based on the seriousness of this matter, and the potential for criminal and civil penalties against the company and its representatives, you are strongly advised to seek legal advice from competent counsel regarding Nevada's gaming and election laws.

Please be advised that the NGCB, as well as all state and local law enforcement and regulatory agencies in Nevada, expressly reserve all rights to pursue criminal and civil actions based on Kalshi's past and future conduct within the state.

If you or your legal counsel have any questions, please contact John S. Michela, Senior Deputy Attorney General, at JMichela@ag.nv.gov.

Your immediate attention to this matter is appreciated.

Sincerely,

KIRK D. HENDRICK, Chairman

cc: The Honorable Joe Lombardo, Governor of Nevada
    The Honorable Francisco V. Aguilar, Secretary of State of Nevada
    Hon. George Assad (Ret.), Member, Gaming Control Board
    Chandeni Sendall, Member, Gaming Control Board
    Kristi Torgerson, Chief, Enforcement Division
    Craig A. Newby, First Assistant Attorney General
    Darlene B. Caruso, Chief Deputy Attorney General, Gaming
    Alissa C. Engler, Chief Deputy Attorney General, Criminal Prosecution
    Greg D. Ott, Chief Deputy Attorney General, Government and Natural Resources
    John S. Michela, Senior Deputy Attorney General, Gaming
    Records and Research