# JONES DAY

150 W. JEFFERSON, SUITE 2100 • DETROIT, MI 48226-4438

TELEPHONE: +1.313.733.3939 • JONESDAY.COM

Direct Number: +1.313.230.7926
Arice@jonesday.com

March 7, 2025

CM/ECF

Mark Langer
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave., NW
Washington, DC 20001

    Re: *KalshiEx LLC v. Commodity Futures Trading Commission* (No. 24-5205)

Dear Mr. Langer:

    In its haste to spotlight the Nevada Gaming Control Board's cease-and-desist letter, the CFTC overlooked that the letter undermines its position in this appeal. The letter asserts that "offering event-based contracts"—of any sort—"is unlawful in Nevada." Letter at 1. That conclusion, it says, follows from Nevada's definition of "wager" as any money "risked on an occurrence for which the outcome is uncertain." N.R.S. § 463.01962.

    The Board's pretensions to ban all event contracts should come as no surprise—Kalshi warned that overbroad definitions of "gaming" that equate the concept with "wagering" inevitably generate that absurd result. Appellee Br. 48-49. This letter illustrates the problem in action. What *is* surprising is the CFTC's apparent endorsement of that logic, which it has attempted (albeit with difficulty) to renounce. *See, e.g., id.* 26-27; Arg. Tr. 62:6-9. The Board's analysis confirms that reading the "gaming" and "unlawful activity" exceptions to sweep in elections would render *every* event contract "unlawful"—a construction of the CEA that "cannot be right." *KalshiEX LLC v. CFTC*, 2024 WL 4164694, at *8 (D.D.C. Sept. 12, 2024) (recognizing that, under "the CFTC's construction, all event contracts would be subject to review … because they all involve … risking money on … some contingent event with the hope of receiving a payoff"). And nothing in the letter supports the CFTC's contrived definition of "gaming" as "staking something of value upon the outcome of a contest of others." *See* Appellee Br. 43, 55.

    The Board's passing reference to Nevada's election-betting ban is no help to the CFTC, either. Letter 2 (citing N.R.S. § 293.830). Indeed, that statute's express reference to elections only underscores the fundamental problem with the CFTC's reading of the CEA, because the CEA—unlike Nevada state law—says nothing about elections. *See* Appellant Br. 16.

    Finally, the Board's claimed authority over every "event-based contract" trading on a registered exchange contradicts the CFTC's position that, "due to federal preemption, event contracts never violate state law when they are traded on a DCM." *Id.* 27.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Respectfully submitted,

*/s/ Amanda K. Rice*

Amanda K. Rice

*Counsel for Appellee KalshiEx LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I served the foregoing Letter on counsel of record using this Court's CM/ECF system.

*/s/ Amanda K. Rice*
Amanda K. Rice